UNITED STATES *v.* HARUTA & CO., INC.

**No. 4615.**—Invoice dated Nagoya, Japan, January 23, 1936.
Entered at New York February 29, 1936.
Entry No. 25264.

Second Division, Appellate Term

(Decided July 6, 1939)

*Webster J. Oliver,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the appellant.
*Siegel & Mandell* (*Sidney Mandell* of counsel) for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This is an application for review brought by the United States from a judgment rendered in this appeal to reappraisement by Judge Sullivan as single judge, dated November 14, 1938, Reap. Dec. 4445.

The merchandise involved consists of certain Japanese glassware bearing item numbers 8690 to 8696, inclusive. Said merchandise was entered at the invoice values, and the appraiser advanced each of said items approximately 45 per centum.

The only evidence in the case is an affidavit which was offered on behalf of plaintiff and admitted by the court below as Exhibit 1. Said affidavit which was executed by one Kikujiro Ono, owner of the exporter of the instant merchandise, reads in part as follows:

That I am owner of the firm of Ono Glass Factory of Osaka, Japan. That I have been owner of said firm for a period of fifteen years; that I have had and have now personal charge of the technical and commercial departments of our firm and that I have personal knowledge of all commercial transactions entered into with our firm. That our firm manufactures glassware. That I am personally familiar with transactions of purchase and sale of glassware from our firm to all our customers. That we are engaged in the sale of glassware in the usual wholesale quantities and in the ordinary course of trade throughout Japan as well as for export to foreign countries including the United States.

I further swear under oath that the prices sold to Taiyo Shoko Kaisha, L'td., of Nagoya, Japan, on January 10th, 1936, and appearing on their invoice to Haruta & Co. Inc., of New York, and consulated at Nagoya January 23rd, 1936, and which invoice covers certain described glassware by name and by number as follows, represent the true market value of these particular described glasses in Japan at the time of exportation and we were and are prepared and willing to sell in the usual wholesale quantities and in the ordinary course of trade, the identical described glassware at the prices at which they were sold to Taiyo Shoko Kaisha, L'td., of Nagoya, Japan, and shipped to Haruta & Co. Inc., of New York.

\*　　\*　　\*　　\*　　\*　　\*　　\*

I further swear under oath that the usual wholesale quantities were for sale in Japan or for export to other countries than the United States, or for export to the United States, is case lot.

Attached to said affidavit are copies of invoices, some of which refer to the same items as those in question and for which the same invoice prices are given.

In sustaining the values claimed by plaintiff in the court below, the trial judge said:

It (the affidavit, Exhibit 1) is *prima facie* evidence that the invoiced and entered values in this case are correct. They are therefore sustained.

It is urged by appellant that our ruling in the case of *United States* v. *Spiritos Music School*, Reap. Dec. 4490, wherein we denied consideration to an affidavit offered by the importer therein, is equally applicable here. Counsel for appellant, in his brief, states that the contents of the affidavit offered in the *Spiritos Music School* case, *supra*, "were similar to those in the affidavit in the case at bar." We do not think so. The affidavit before the court in said case was one that was collectively executed by four different persons who merely stated their names, ages, and occupations, without giving any testimony relating to their qualifications concerning their familiarity with the accordions involved therein and their experience in the trade dealing with such merchandise. As a matter of fact, the affidavit offered in the *Spiritos Music School* case, *supra*, was completely void of any competent proof regarding any of the elements essential to establish a value within the statutory definitions as laid down in section 402 of the Tariff Act of 1930, and in denying any probative value to said affidavit, we said:

It utterly fails to establish the elements necessary to prove value in this court. There is no competent evidence of the existence of a foreign value or an export value for such or similar merchandise, or if both exist, which is higher. No competent proof was submitted to show the usual wholesale quantities in which such or similar merchandise was bought and sold in the ordinary course of trade at the times of exportation of the instant merchandise. No evidence of probative value was offered to show the principal markets of the country of exportation for such or similar merchandise.

In the instant case, however, the situation is entirely different. Counsel for appellant conceded in his oral argument before this division that the proper basis for determining the dutiable value of the instant merchandise is export value; and that the place of manufacture of said merchandise is the principal market for same. Such concessions, together with the uncontradicted testimony of importer's witness, supported as it is by invoices covering sales of merchandise like that in controversy, is sufficient, in our judgment, to establish that the invoiced and entered values are the proper dutiable values of the instant merchandise, as found by the lower court.

We have given careful consideration to each· assignment of error alleged by the attorney for the appellant and we conclude that no ruling of the court below, either upon admission of evidence or its refusal to do so, or the conclusions reached by the court below as to the merits of the case, would justify this division in reversing the judgment of Judge Sullivan.

We therefore find the following facts:

1. That the merchandise in question consists of certain Japanese glassware bearing item numbers 8690 to 8696, inclusive.

2. That export value, as defined in section 402 (d) of the Tariff Act of 1930, is the correct basis for the determination of the value of the instant merchandise.

3. That there is no foreign value for such or similar merchandise. If so, it is no higher than the export value of same.

4. That Osaka is one of the principal markets in Japan for merchandise of the kind involved herein.

5. That the usual wholesale quantity in Japan of such or similar merchandise at the time of importation of the instant merchandise for export to the United States was a case lot.

6. That the correct dutiable values of the items of merchandise in question are the invoiced and entered values.

We hold as a matter of law that the correct dutiable values of the instant merchandise are those found in finding of fact 6, as above set out, and that the judgment of the single judge in this case is hereby affirmed.

Judgment will be rendered accordingly.